On the Merits.
That the plaintiff has a just claim on the defendant company for some damages, is made evident by the unrebutted testimony of the witnesses.
The bruises received by his wife from the fall may not have been *1432 as severe as represented; but they, it is proven, were quite painful and forced her to seek medical treatment and remain confined to her bed.
The negligence charged possibly was not as gross as is contended by the plaintiff; the facts remain proven that the cars hastily moved without giving plaintiff’s wife time to step down from the steps, and that she was violently thrown down by the sudden and unexpected movement.
There was no fault shown on the part of the plaintiff’s wife in getting off at the street named.
It was for her to determine at which stop of the car to alight, and for the conductor to offer ample time to leave with safety. There is no testimony whatever before us toward justifying the employés of the defendant’s company. These passengers must have been seen by them, as they were both moving to get off in their presence while the car was stopped.
We do not overlook the fact that, in justice to their fellow passengers who have not arrived at their destination, those leaving should not take up too much time.
There is no complaint on that score made against plaintiff’s wife and her daughter.
The community clamor for rapid transit and corporations generally comply with the public demand in this respect. To this there can be no serious objection as long as the service is safe.
But in all cases, even at the expense of speed, women and children, at any rate, should be given time to alight and not be exposed to accidents.
With reference to the damages, we do not agree with the verdict of the jury as to the amount.
The negligence for which the company is liable is not gross and malicious.
It is nevertheless liable for compensatory damages. In answer to the proposition by counsel that a corporation can not be mulcted in damages for the wilful wrongs of its servants and their illegal and oppressive conduct, we quote from Denver & Rio Grande Railway vs. Harris, 122 U. S. 597: “A corporation is liable civiliter for torts committed by its servants,” though it did not authorize the act, if within the scope of the servant’s employment.
Under the circumstances, the amount is fixed at five hundred *1433 dollars, for which amount we find ample support in our jurisprudence. The damages allowed are compensatory.
It is therefore ordered that the judgment appealed from be amended by reducing the amount to five hundred dollars, with legal interest from date of the judgment of the District Court, and that as amended the same be affirmed, appellee paying the costs of appeal.